# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MILLER MENDEL, INC., a Washington Corporation, and<br>(2) TYLER MILLER, an Oregon state resident,<br><br>        Plaintiffs,<br>v.<br><br>(1) THE CITY OF OKLAHOMA CITY, a municipal corporation,<br><br>        Defendant. | Case No. CIV-18-990-M _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Miller Mendel, Inc. and Tyler Miller (collectively, "Plaintiffs"), for their complaint against Defendant, The City of Oklahoma City, a municipal corporation ("Defendant" or "Oklahoma City"), allege as follows:

## PARTIES

1. Plaintiff Tyler Miller is a resident of the State of Oregon, and is the owner of all right, title, and interest in and to United States Patent No. 10,043,188 B2 (hereinafter, "the '188 Patent").

2. Plaintiff Miller Mendel is a Washington corporation, wholly owned by Tyler Miller, with its principal place of business in Seattle, Washington, with an

{1865088;}

exclusive license granted by Mr. Miller of all right and interest to the '188 Patent with the right to sublicense to third parties.

3. Upon information and belief, Defendant Oklahoma City is a municipal corporation with its principal place of business in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, particularly at least Sections 271, 281 through 285, and 295 of Title 35 of the United States Code. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Defendant is situated and resides within this state and judicial district and is subject to personal jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400.

## CLAIM FOR RELIEF
### (Patent Infringement)

6. Plaintiffs adopt and re-allege each and every numbered paragraph above as if set forth verbatim herein at this point.

7. The '188 Patent, which is entitled "Background Investigation Management Service," issued on August 7, 2018. A true and correct copy of the '188 Patent is attached hereto as Exhibit "1" and by this reference incorporated herein.

8. The '188 Patent was duly and legally issued by the United States Patent & Trademark Office after full and fair examination. Plaintiffs hold all right title and interest in and to the '188 Patent and possesses all rights of recovery under the '188 Patent.

9. Plaintiffs manufacture, market and sell through one or more licensees within the United States products, including eSOPH system, covered by the '188 Patent ("Plaintiffs' Licensed Products").

10. 35 USC § 271(a) provides that whoever uses any patented invention within the United States infringes the patent. *See also* Section 271(h).

11. Plaintiffs are informed and believe and based thereon allege that Defendant had notice of the '188 Patent.

12. Plaintiffs are informed and believe and on that basis allege that Defendant Oklahoma City uses a product, the Guardian Alliance Technologies investigation software platform ("the Guardian Platform"), which infringes one or more claims of the '188 Patent, including at least Claims 1, 5, and 15; that Defendant has infringed, and continues to literally and/or equivalently infringe one or more claims of the '188 Patent by using the Guardian Platform in this district without the consent or permission of Plaintiffs.

13. Plaintiffs are entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty.

14. Defendant's infringing use will cause ongoing and future harm to Plaintiffs, which may be difficult or impossible to reduce to a sum certain of money damages.

15. Plaintiffs have been and continue to be irreparably harmed by the acts of Defendant and this harm is not remediable by damages alone. A patent is a property right of limited duration. Every day of continuing infringement lessens, taints, and depletes the rights and entitlements granted by the '188 Patent. Every day of continuing infringement interferes with Plaintiffs' ability to realize value on the '188 Patent through licensing or directly marketing to others and/or through price erosion.

16. The public has an overriding interest in protecting patent rights and in the enforcement of patent laws.

17. Defendant's infringement of Plaintiffs' exclusive rights under the '188 Patent will continue to damage Plaintiffs' business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

18. Defendant has infringed and continues to infringe the '188 Patent directly and/or through acts of inducement in violation of 35 U.S.C. § 271.

19. As a result of Defendant's infringement, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

20. Unless Plaintiffs receive temporary, preliminary, and permanent injunctive relief enjoining Defendant's use of infringing products and systems, including the Guardian Platform, Plaintiffs will be irreparably injured.

21. Plaintiffs are informed and believe that Defendant's infringement of the '188 Patent has been willful and deliberate, entitling Plaintiffs to increased damages under 35 U.S.C. § 284, and, in addition, Defendant's conduct renders this an exceptional case under 35 U.S.C. § 285, thus entitling Plaintiffs to an award of attorney fees.

22. To the extent of any claim to sovereign immunity, Plaintiffs are informed and believe and therefore contend such immunity has been and/or should be considered to have been waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant and for relief including:

1. Declaring the '188 Patent claims to be valid and infringed by Defendant;

2. Finding the Defendant liable for the infringement, and the damages flowing therefrom.

3. Awarding and ordering all damages suffered by Plaintiffs due to Defendant's infringement of the claims of the '188 Patent, including all amounts necessary to make Plaintiffs whole, but not less than a reasonable royalty, pursuant to 35 U.S.C. § 284;

4. Awarding to Plaintiffs enhanced damages up to and including trebling of Plaintiffs' damages pursuant to 35 U.S.C. § 284;

5. Enjoining Defendant from using any products which infringe the '188 Patent, to wit, the Guardian Platform;

6. Awarding Plaintiffs their costs of suit, including reasonable attorneys' fees pursuant to, *inter alia*, 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

7. Awarding pre- and post- judgment interest; and,

8. Awarding such other and further relief as may be just and proper.

Date: October 9, 2018

Respectfully submitted,

s/ Todd A. Nelson
Todd A. Nelson, OBA #15317
Paul E. Rossler, OBA #21796
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone:  (918) 595-4800
Facsimile:   (918) 595-4990
E-mail: tnelson@gablelaw.com
prossler@gablelaw.com

*Motion for Admission Pro Hac Vice to be filed:*
Kurt M. Rylander, Bar No. 27819
RYLANDER & ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
Telephone:  (360) 750-9931
Facsimile:   (360) 397-0473
E-mail: rylander@rylanderlaw.com

**JURY TRIAL DEMANDED**

Attorneys for Plaintiffs