IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILLER MENDEL, INC. a Washington corporation, and TYLER MILLER, an Oregon state resident, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF OKLAHOMA CITY, a municipal corporation, and GUARDIAN ALLIANCE TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendants. | Case No. CIV-18-00990-JD |

**ORDER**

Before the Court is Defendant Guardian Alliance Technologies, Inc.'s Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted ("Motion") [Doc. No. 112]. Defendant Guardian Alliance Technologies, Inc. ("GAT") moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' defamation claim in Count 2 of the Second Amended Complaint ("SAC") [Doc. No. 104]. Plaintiffs have responded in opposition ("Response") [Doc. No. 114], and GAT filed a reply [Doc. No. 115]. For the reasons stated below, the Court denies the Motion.

I.     **BACKGROUND**

Plaintiffs sought leave to amend their complaint sounding in patent infringement against the City of Oklahoma City ("OKC") to add claims for patent infringement,

defamation, and a declaration of no inequitable conduct/patent fraud against GAT, which is the company that provides OKC with the allegedly infringing background investigation software platform. *See* [Doc. Nos. 57, 57-1]; *see also* SAC ¶ 15. OKC opposed the motion for leave to amend as to the patent infringement claim against GAT based largely on the United States Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands, LLC*, 581 U.S. 258 (2017), asserting that amendment as to this claim would be futile because Oklahoma would be an improper patent venue. *See* [Doc. No. 65]. The Court agreed that GAT could not be sued for patent infringement in this venue, but permitted Plaintiffs to file a SAC asserting claims against GAT for defamation and declaration of no inequitable conduct/patent fraud. [Doc. No. 103 at 1].

Subsequently, Plaintiffs filed their SAC alleging a patent infringement claim against OKC under 35 U.S.C. § 271 in Count 1. Plaintiffs allege a defamation claim under Oklahoma law against GAT in Count 2, and they seek a declaration against GAT in Count 3 under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 1 et seq., that Plaintiffs have not committed patent fraud or engaged in inequitable conduct with respect to United States Patent No. 10,043,188 B2 ("'188 Patent"). Plaintiffs' claims in Counts 2 and 3 against GAT arise from a statement GAT posted on a website[1] on August 22, 2019, titled "The Truth About Miller Mendel." *See* [Doc. No. 104-2].

---

[1] *See* https://thetruthaboutmillermendel.com/ [Doc. No. 104-2].

GAT asserts that Plaintiffs' defamation claim should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the SAC does not allege an amount in controversy as to any claim and Plaintiffs cannot rely on supplemental jurisdiction under 28 U.S.C. § 1367(a). Motion at 2. Additionally, GAT contends that Plaintiffs fail to state a claim for defamation under Rule 12(b)(6) because GAT, as a witness to the action, has an absolute litigation privilege under Oklahoma law with respect to statements that relate to or were made during or in anticipation of litigation. *See id.*

In response, Plaintiffs argue that they have sufficiently pled subject matter jurisdiction, and that jurisdiction is proper under either supplemental or diversity jurisdiction. Response at 16. Plaintiffs also contend that Oklahoma's litigation privilege does not apply here. *See id.* at 9.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

The Court must decide whether it has federal subject matter jurisdiction over Plaintiffs' defamation claim before it can decide the Rule 12(b)(6) issue. Rule 12(b)(1) authorizes a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P 12(b)(1). Rule 12(b)(1) motions take one of two forms: a facial or factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial challenge, a district court must accept the allegations in the complaint as true. *Id.* However, in a factual attack, the moving party may go beyond the allegations contained

in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* A district court may not presume the truthfulness of the complaint's factual allegations when reviewing a factual attack on subject matter jurisdiction. *Id.* Rather, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Once challenged, the burden of proving subject matter jurisdiction is on the party alleging subject matter jurisdiction, here, the Plaintiffs. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797–98 (10th Cir. 2002); *see Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."). In this case, the Court construes the motion under Rule 12(b)(1) as a facial attack. *Cf. Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (explaining that "the district court has broad discretion in determining whether to accept materials beyond the pleadings"); *see also Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (construing the motion as a facial challenge and applying the same standards under Rule 12(b)(1) that are applicable to a 12(b)(6) motion to dismiss). Thus, the Court accepts the factual allegations in the SAC as true for its Rule 12(b)(1) analysis.

B.   **Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under this standard, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth and courts are free to disregard them. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III.    ANALYSIS

#### A.    The Court has supplemental jurisdiction over Plaintiffs' defamation claim against GAT.

Federal courts are "'courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Congress has bestowed upon the courts the power to hear controversies arising under federal law—federal question jurisdiction—and controversies arising between citizens of different states with the requisite amount in controversy—diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Additionally, once a federal court has original jurisdiction over some claims in the action, "it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy" under 28 U.S.C. § 1367(a). *Exxon Mobil Corp.*, 545 U.S. at 552. Supplemental jurisdiction, as codified at § 1367, collectively refers to the common-law doctrines of ancillary, pendent, and pendent-party jurisdiction. Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Supplemental jurisdiction also gives federal courts latitude to hear a cause of action after the introduction of third parties, whose insertion lack independent grounds for federal jurisdiction, "when those parties share a common interest in the outcome of the litigation and are logical participants in it." *See Harjo v. City of Albuquerque*, 307 F. Supp. 3d 1163, 1186 (D.N.M. 2018) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 n.18 (1978)).

A court's exercise of supplemental jurisdiction is discretionary. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (explaining that pendent jurisdiction is discretionary and not a litigant's right). Section 1367(c) identifies four instances in which a court "may decline to exercise supplemental jurisdiction over a claim":

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See* 28 U.S.C. § 1367(c). In considering whether to exercise supplemental jurisdiction, courts traditionally consider "judicial economy, convenience and fairness to litigants." *United Mine Workers*, 383 U.S. at 726.

Here, Plaintiffs' patent infringement claim against OKC and declaration of no patent fraud and defamation claims against GAT "derive from a common nucleus of operative fact." *See id.* at 725. In Oklahoma, the elements of defamation are (1) a statement exposing the plaintiff to public hatred, contempt, ridicule, or disgrace; (2) the defendant communicated the statement to someone other than the plaintiff; (3) that person reasonably understood the statement to be about the plaintiff; (4) the statement was false; (5) the defendant did not exercise the care which a reasonably careful person would use under the circumstances to determine whether the statement was true or false; and (6) the statement caused the plaintiff to suffer financial loss or damage to the plaintiff's reputation. *See* OUJI Instruction No. 28.3. Plaintiffs allege that GAT made false statements on a public website—viewed by Plaintiffs' potential and existing customers—that Plaintiffs committed fraud on the United States Patent and Trademark Office in the prosecution of Plaintiffs' patents, including the '188 Patent. SAC ¶ 27; *see also* [Doc. No. 104-2]. The determination of whether these are false or defamatory statements turns on whether Plaintiffs lawfully obtained the '188 Patent. If Plaintiffs lawfully obtained the '188 Patent, then the allegedly defamatory statements would be false. Thus, from an evidentiary standpoint, resolution of the defamation claim would

7

involve at least some of the same evidence as the patent infringement and declaration of no patent fraud claims.

Further, Plaintiffs' defamation claim does not raise a novel or complex issue of state law; it does not substantially predominate over the claim over which the Court has original jurisdiction; the other claim over which the Court has original jurisdiction currently remains; and there are no exceptional circumstances or compelling reasons to decline jurisdiction. *See* 28 U.S.C. § 1367(c). In other words, allowing Plaintiffs' defamation claim to proceed serves the interests of judicial economy, at least at this juncture in the proceeding.

Accordingly, the Court will exercise supplemental jurisdiction over Plaintiffs' defamation claim.

> **B. Plaintiffs have plausibly alleged a defamation claim against GAT under Rule 12(b)(6), and Oklahoma's litigation privilege is not applicable here.**

"Oklahoma has long recognized the litigation privilege under which attorneys, parties, jurors, and witnesses are immune from defamation liability for statements made in the course of judicial or quasi-judicial proceedings, so long as the statements are relevant to the proceeding." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 335 F.3d 1161, 1166 (10th Cir. 2003) (citing *Samson Inv. Co. v. Chevaillier*, 988 P.2d 327, 329–30 (Okla. 1999)). Oklahoma extends "this privilege to statements made in anticipation of litigation." *Id.* (citing *Kirschstein v. Haynes*, 788 P.2d 941 (Okla. 1990)). "As long as the speaker or writer of the defamatory communication has an actual subjective good faith belief that litigation is seriously contemplated[,] the privilege

8

attaches whether or not he has a good faith belief in the truth of the communication." *Kirschstein*, 788 P.2d at 952.

The question of whether a communication is privileged is a question of law for the Court to decide. *See Samson, Inv. Co.*, 988 P.2d at 329. "[T]he litigation privilege is not a license to defame," but rather, it "applies only when [1] the communication is . . . relevant or has some relation to a proposed proceeding and [2] circumstances surrounding the communication have some relation to the proposed proceeding." *Id.* at 330–31. The second inquiry concentrates "to a large extent on determining to whom the publication was made." *Kirschstein*, 788 P.2d at 951 & n.26 (noting that a degree of protection is offered "to an alleged victim of defamation for publication to the public at large or to third parties unconnected with the proposed proceeding").

"The privilege may be lost by unnecessary or unreasonable publication to one for whom the occasion is not privileged. Thus, unnecessary publication to the news media may result in loss of the privilege, as well as publication to those wholly unconnected with the judicial process." *Id.* at n.27 (citations omitted); *see also Kleier Advert., Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1044 (10th Cir. 1990) (applying *Kirschstein* and not extending Oklahoma's litigation privilege to statements "directed via news media to the public, an audience wholly unconnected to the judicial process").

Plaintiffs allege that GAT published false and defamatory statements on a public website, https://thetruthaboutmillermendel.com/, which was viewed by Plaintiffs' existing and potential customers. SAC ¶¶ 27, 31, 35. The dissemination of information on the Internet to the public at large necessarily involves an audience wholly unconnected to

9

the judicial process. *See Kleier*, 921 F.2d at 1044; *Kirschstein*, 788 P.2d at 951 n.27. Such communications would not fall within Oklahoma's traditional scope of the litigation privilege nor further the policy goals of the privilege.

Thus, the Court rejects GAT's argument that Plaintiffs' defamation claim should be dismissed under Rule 12(b)(6).

## IV. <u>CONCLUSION</u>

For these reasons, the Court DENIES Defendant Guardian Alliance Technologies, Inc.'s Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted [Doc. No. 112]. Defendant Guardian Alliance Technologies, Inc., shall file an Answer to the Second Amended Complaint within 14 days of the entry of this Order.

The Court also ORDERS the parties to file a joint status report within 28 days of this Order, addressing the impact of a related proceeding, which the United States Supreme Court recently denied the petition for writ of certiorari, *see Miller Mendel, Inc. v. City of Anna*, 107 F.4th 1345 (Fed. Cir. 2024), *cert. denied*, No. 24-439, 2024 WL 4874683 (Nov. 25, 2024), and the impact on the claim construction briefing. *See* [Doc. Nos. 117, 119, 122].[2] The joint status report shall include any proposed scheduling order

---

[2] The Court's understanding is the Federal Circuit's recent decision in *Miller Mendel, Inc. v. City of Anna*—which affirmed the decision of the United States District Court for the Eastern District of Texas concluding that claims 1, 5, and 15 of the '188 Patent do not claim patent-eligible subject matter under 35 U.S.C. § 101—addressed the same asserted patent claims at issue in this action. *See also* [Doc. No. 117-2]. Should this resolve the claim construction issues before this Court, the parties shall so state in their joint status report. Should this not resolve the claim construction issues before this Court, the parties must explain in their joint status report what remains as to the claim

deadlines to bring this action to a prompt conclusion. Based on the recent update in a related proceeding, the parties are also ordered to discuss settlement or formal ADR and to notify the Court in their joint status report if formal ADR is sought. Finally, should the parties request a status conference with the Court, they shall notify the Court in the joint status report.

    IT IS SO ORDERED this 2nd day of December 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

construction briefing and whether that briefing requires supplementation based on developments in related proceedings. Regarding other claims, the parties shall confer and propose a schedule that will promptly resolve any remaining claims.